

# The Attorney General of Texas

October 10, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable D. R. "Tom" Uher
Chairman, House State Affairs
  Committee
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-67

Re: Compensation of an attorney who has contracted to collect delinquent taxes on behalf of Victoria County.

Dear Representative Uner:

You ask two questions about the compensation of a private attorney who has contracted with Victoria County to collect delinquent taxes. Under the contract, which you have submitted to us, the county, joined by the state, employed the attorney to aid local officers in collecting delinquent state and county ad valorem taxes. See V.T.C.S. art. 7335. It provides compensation of fifteen percent of the amount collected of all delinquent taxes, penalty and interest subject to the contract. See V.T.C.S. art. 7335a. In performing his duties under the contract, the attorney filed a motion to compel answers to interrogatories, which the court granted, ordering the defendant to pay reasonable attorney's fees to the plaintiff.

You first ask whether the collection of attorney's fees by the private attorney from individual defendants violates the contract. There is statutory authority for the award of attorney's fees under these circumstances. See V.T.C.S. art. 7345b, § 6; Tex. Civ. Proc. R. 168. The question is whether the attorney may receive these fees in addition to the fifteen percent compensation awarded under the contract. Paragraph V of the contract provides in part:

> ... where it is necessary to file suit for the enforced collection of delinquent taxes on real property, Second Party [the attorney] shall have the authority to procure on behalf of First Party [the state and county] the necessary additional data and information as to the name, identity and location of necessary parties and in the procuring of necessary legal descriptions of the property may sue in the name of First Party for the recovery of the actual cost of this information as court costs, as authorized by Article

7345B, Section 6, Vernon's Annotated Civil Statutes. It is agreed and understood that First Party will not be liable for any of the above mentioned cost.

Paragraph VII provides in part:

It is further agreed and understood that Second Party shall furnish, at his own expense, . . . all labor necessary to complete said contract including labor and expense incurred . . . in procuring necessary legal descriptions of the property as provided in Paragraph V in all cases where such expenses are not collected as costs against the defendant or defendants in the tax suit, but in no event shall such cost be paid to Second Party, either directly or indirectly. . . .

Finally, paragraph XIII provides that the Second Party shall not "benefit directly or indirectly from the performance of this contract except to the extent of compensation provided in Paragraph VIII of this contract."

Where provisions of the same contract are in conflict, the courts will construe the contract to give effect to all provisions if possible. City of Midland v. Waller, 430 S.W.2d 473 (Tex. 1968). In our opinion, the quoted contract provisions mean that the state and county may recover attorney fees in connection with compelling answers to interrogatories, but these fees may not be paid to the attorney over and above the compensation provided in paragraph VIII of the contract. Paragraph V permits suit in the name of the state and county to collect attorney fees; thus, these political entities actually receive the award. Paragraph VII specifies that costs collected against defendants are not to be paid to the attorney, while paragraph XIII limits the attorney's compensation to that provided in paragraph VIII. Thus, the attorney's fees are to be paid over to the plaintiff state and county, and not to the attorney employed under the contract in question.

You next ask whether the collection from individual defendants of attorney's fees for motions to compel interrogatories violates articles 7335 and 7335a, V.T.C.S. Article 7335 authorizes the commissioners court to contract with a private attorney to enforce the collection of any delinquent state and county taxes for a percent of the taxes, penalty and interest actually collected. Article 7335a provides that no contract may be made by the commissioners court in connection with delinquent taxes "where the compensation under such contract is more than fifteen percent of the amount collected." The contract in question limits compensation to fifteen percent of the amount collected, and as we have construed the contract, the attorney's fees are not paid to the attorney in addition to the compensation. Thus, the attorney receives no more than the compensation authorized by article 7335a, V.T.C.S.

## S U M M A R Y

Under a contract to assist Victoria County in collection of delinquent taxes a private attorney may not receive attorney's fees

for motions to compel answers to interrogatories in addition to the stated compensation. The compensation provision of the contract is consistent with articles 7335 and 7335a.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood